NOT DESIGNATED FOR PUBLICATION

No. 127,712

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVARIS L. HOWARD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Lindsay Kornegay*, of Kansas Appellate Defender Office, for appellant.

*Jon Simpson*, senior assistant district attorney, *Dakota Loomis*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM: Devaris L. Howard challenges his conviction of sexual extortion under K.S.A. 21-5515(a)(2). On appeal, Howard contends that the district court failed to give a lesser included offense instruction for attempted sexual extortion. He also asserts that K.S.A. 21-5515(a)(2) is unconstitutional. For the reasons set forth in this opinion, we find that any error by the district court in failing to give the lesser included offense instruction was harmless. Furthermore, we find that K.S.A. 21-5515(a)(2) is constitutional. Thus, we affirm.

1

FACTS

In the summer of 2022, Howard, an adult male residing in Alabama, began texting H.D., who was a student at the University of Kansas. But H.D. did not recognize the number that was texting her. After asking who the individual was, Howard stated that he had grown up near H.D. and had gone to middle school with her.

In his anonymous text messages, Howard offered H.D. money in exchange for her sending him nude pictures of herself. After H.D. refused to send him pictures, Howard texted her three explicit photos that she had taken of herself when she was a minor. According to H.D., she perceived this to be a threat that Howard would upload the photos to social media if she did not comply. Still, H.D. refused to send Howard any photos and hoped she would not hear from him again.

Several weeks later, H.D. received another anonymous text from Howard threatening to post the explicit pictures on social media if she refused to send him additional nude photos. In response, H.D. sent nude photos of herself to Howard to prevent him from posting the photos already in his possession. Later, Howard attempted to casually chat with H.D. on multiple occasions and she engaged in a few conversations to try and find out Howard's identity.

On September 23, 2022, H.D. awoke to find a text telling her that a new Instagram account was created using her name. When she looked up the new Instagram account, she saw that the profile photo was one of the photos that she previously sent to Howard from her "My Eyes Only" folder on Snapchat. Howard then threatened to send the nude photos of H.D. to her uncle and mentioned knowing her family. Subsequently, H.D. acquiesced to Howard's demand for nude photos and to FaceTime him from her shower in exchange for Howard's promise to take the new account down. Afterwards, Howard continued to periodically contact H.D.

Ultimately, on October 11, 2022, H.D. told her mother what occurred. H.D.'s mother then came to be with her and they contacted the Lawrence Police Department. Officer Rustin Norton spoke to H.D. about what transpired. H.D. indicated that someone was blackmailing her by using explicit photos of herself that were taken when she was a minor. However, she was unable to identify the person blackmailing her. In the meantime, Howard continued to send messages to H.D. in the days following her report to law enforcement.

Detective Josh Leitner subsequently took over the investigation and discovered that Howard owned the phone number from which the threats to H.D. had been sent. Detective Leitner then contacted a law enforcement officer in Alabama who arrested Howard on November 7, 2022. At the time of his arrest, the phone from which Howard had sent the threatening messages to H.D. was found to be in his possession.

The State charged Howard with two counts of sexual extortion in violation of K.S.A. 2022 Supp. 21-5515. Howard then filed a motion to dismiss the charges claiming that K.S.A. 21-5515(a)(2) was unconstitutional. That motion was denied by the district court, and the case proceeded to a jury trial. At trial, the State presented testimony from five witnesses regarding the relevant events and the subsequent investigation. Additionally, the State introduced more than two dozen exhibits that were admitted into evidence.

After the State rested its case, defense counsel unsuccessfully moved for a judgment of acquittal. Howard exercised his right not to testify, and his attorney recalled H.D. to the stand. He also offered nine exhibits that were admitted into evidence. Before closing arguments took place, the district court held an instructions conference with counsel. After hearing the arguments of counsel, the district court denied defense attorney's request for a lesser included offense instruction on attempted sexual extortion.

3

After deliberation, the jury found Howard guilty of one count of sexual extortion based on the allegation that Howard unlawfully and feloniously communicated a threat to distribute an image depicting H.D. in a state of nudity between August 30, 2022, and October 11, 2022. But it was unable to reach a unanimous verdict on the other count of sexual extortion. The district court then accepted the jury's unanimous verdict on the charge on which Howard was convicted. Furthermore, the State later attempted to retry Howard on the other charge of sexual extortion, but the district court dismissed that count.

At sentencing, the district court denied Howard's motion for a dispositional departure and imposed a 41-month prison sentence. Thereafter, Howard filed a timely notice of appeal.

ANALYSIS

*Lesser Included Offense Instruction*

Howard contends that the district court erred by failing to give a lesser included offense instruction to the jury for attempted sexual extortion. He argues that the instruction was both legally appropriate and factually appropriate. In response, the State contends that the lesser included offense instruction was neither legally nor factually appropriate. In the alternative, the State reasons that the district court's failure to instruct the jury on attempted sexual extortion was harmless.

We review alleged jury instruction error under a three-step process. First, we look at whether the party alleging error has preserved their challenge. Second, we review whether the instruction was legally and factually appropriate. Third, we determine whether any error found requires reversal. *State v. Keys*, 315 Kan. 690, 712, 510 P.3d 706

4

(2022). To the extent that the issue presented includes statutory interpretation, our review is unlimited. *State v. Kerrigan*, 317 Kan. 683, 686, 538 P.3d 852 (2023).

Here, Howard requested the lesser included offense instruction which properly preserved the issue for appeal. See *State v. McLinn*, 307 Kan. 307, 318, 409 P.3d 1 (2018). As such, we turn to the second step to determine if the requested instruction was legally and factually appropriate. The State does not dispute that attempted sexual extortion under K.S.A. 21-5515(a)(1) is a lesser included offense of sexual extortion under K.S.A. 21-5515(a)(2). Consequently, we will assume that Howard's requested lesser included instruction was legally appropriate. See K.S.A. 21-5109(b)(3); *Kerrigan*, 317 Kan. at 686; *State v. McCarley*, 287 Kan. 167, 178, 195 P.3d 230 (2008).

Yet the question of whether the requested lesser included instruction was factually appropriate is closer. Generally, a district court "must instruct the jury on the law for a lesser included offense 'where there is some evidence [that] reasonably justif[ies] a conviction.'" *State v. Johnson*, 304 Kan. 924, 934, 376 P.3d 70 (2016). To be factually appropriate, sufficient evidence—"viewed in the light most favorable to the defendant"—must support the instruction. *Keys*, 315 Kan. at 712.

The elements of attempted sexual extortion include: (1) The defendant communicated, by any means, a threat to distribute an image of an individual that is of a sexual nature or depicts them in a state of nudity; (2) the threat was communicated with the intent to coerce the victim to produce, provide, or distribute an image, video, or a recording of a person in a state of nudity; and (3) the date the act occurred and what county the act occurred in. K.S.A. 21-5515(a)(1); PIK Crim. 4th 55.210 (2021 Supp.).

Arguably, the State's evidence could support each of these elements as well as the elements of sexual extortion under K.S.A. 21-5515(a)(2). Moreover, the State concedes that the first interaction between Howard and H.D. could qualify as its own chargeable

5

offense. Therefore, we will also assume that the lesser included instruction was factually appropriate. See *State v. Berkstresser*, 316 Kan. 597, 604, 520 P.3d 718 (2022).

Assuming that the requested lesser included offense instruction was both legally and factually appropriate, we must decide whether there is no reasonable probability the error affected the jury's verdict in light of the entire record. *State v. Holley*, 313 Kan. 249, 257, 485 P.3d 614 (2021). A review of the record on appeal reveals that Howard made threats to publish explicit photos of H.D.—which were taken when she was a minor—on social media and to show them to her uncle if she did not comply with his demand to send him additional nude photos. The record also reflects that Howard texted H.D. demanding that she FaceTime him while she took a shower or he would distribute the nude photos of her. In addition, the evidence presented linked Howard to the phone number from which H.D. received the texts.

The record further demonstrates that Howard's threats coerced H.D. into sending him nude pictures of herself. A review of Howard's texts to H.D. also shows that he acted with the intent to coerce H.D. into sending him nude photos. Similarly, H.D. testified that she complied with Howard's threats to try to protect her reputation. As a result, she hoped that Howard would cease his unlawful actions.

Still, Howard escalated his wrongdoing by creating a fake Instagram page to coerce H.D. into sending him more nude photos. Even though he later deleted the fake Instagram account after receiving nude photos from H.D., Howard further coerced her to FaceTime him while naked in her shower. H.D. testified that she complied with Howard's demands out of fear that the photos would be published to her family members.

6

Based on our review of the entire record, we find it highly unlikely that the alleged instructional error affected the jury's verdict. The State's evidence at trial sufficiently—if not overwhelmingly—established each element of sexual extortion under K.S.A. 21-5515(a)(2). Likewise, based on their verdict, it is evident that the jurors understood that the State was required to prove each element of the crimes charged beyond a reasonable doubt. Significantly, we find the alleged error of the district court failing to give the jury a lesser included instruction on attempted sexual extortion to be harmless. See *Holley*, 313 Kan. at 257.

*Constitutionality of K.S.A. 21-5515(a)(2)*

Howard also contends that K.S.A. 21-5515(a)(2) is unconstitutional. Specifically, he argues that the statute is facially overbroad in violation of the First Amendment to the United States Constitution as well as section 11 of the Kansas Constitution Bill of Rights. He suggests that K.S.A. 21-5515(a)(2) targets protected speech. Yet the State maintains that the statute is constitutional. Alternatively, the State reasons that the panel may narrow the statute to a constitutionally acceptable mental state if we find it to be overbroad.

Both the constitutionality and interpretation of a statute involve questions of law that are subject to unlimited review. *State v. Green*, 320 Kan. 539, 546, 570 P.3d 1189 (2025). An overbroad statute is one that "makes conduct punishable[,] which under some circumstances is constitutionally protected." *State v. Whitesell*, 270 Kan. 259, 270, 13 P.3d 887 (2000). The party which argues that a statute is overbroad—in this case, Howard—has the burden to establish that "(1) the protected activity is a significant part of the law's target, and (2) there exists no satisfactory method of severing that law's constitutional applications from its unconstitutional applications." *State v. White*, 53 Kan. App. 2d 44, 58, 384 P.3d 13 (2016).

7

"Appellate courts generally presume statutes are constitutional and resolve all doubts in favor of the statute's validity." *State v. McCray*, 321 Kan. 316, 320, 579 P.3d 126 (2025). We apply a "common-sense interpretation when determining what conduct a statute potentially could prohibit and 'will not give strained meanings to legislative language through a process of imaginative hypothesizing.'" *White*, 53 Kan. App. 2d at 58. Essentially, this means that we construe statutes to avoid absurd results as well as that we presume the Legislature intends not to enact meaningless legislation. 53 Kan. App. 2d at 58.

K.S.A. 21-5515(a)(2) provides:

"(a) Sexual extortion is communicating by any means a threat to injure the . . . reputation of a person . . . or distribute an image, video or other recording of a person that is of a sexual nature or depicts such person in a state of nudity:

. . . .

(2) that causes such person to:  (A) Engage in sexual contact, sexual intercourse or conduct that is of a sexual nature; or (B) produce, provide or distribute an image, video or other recording of a person in a state of nudity or engaging in conduct that is of a sexual nature."

The First Amendment to the United States Constitution provides: "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. This protection extends to state laws through the Equal Protection Clause of the Fourteenth Amendment. See *Police Department of Chicago v. Mosley*, 408 U.S. 92, 95-96, 92 S. Ct. 2286, 33 L. Ed. 2d 212 (1972). The bedrock principle of the First Amendment is that "the government may not prohibit expression of an idea simply because society itself finds the idea offensive or disagreeable." *Texas v. Johnson*, 491 U.S. 397, 414, 109 S. Ct. 2533, 105 L. Ed. 2d 342 (1989).

8

Still, freedom of speech is not unlimited. *R.A.V. v. St. Paul*, 505 U.S. 377, 382-83, 112 S. Ct. 2538, 120 L. Ed. 2d 305 (1992). There are several categories of regulated speech—including, but not limited to, obscenity, defamation, fighting words, incitement to imminent breach of the peace, and true threats—which are restricted. See *Virginia v. Black*, 538 U.S. 343, 359, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003). The term "true threats" is defined as "serious expression[s] [that convey a speaker's] intent to commit an act of unlawful violence." 538 U.S. at 359. More recently, the United States Supreme Court clarified that the prosecution must show that the defendant had some subjective understanding of the threatening nature of his or her statements to establish a true threat. But the Court noted that the First Amendment requires no more demanding a showing of mental culpability than recklessness. *Counterman v. Colorado*, 600 U.S. 66, 73, 82, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023).

We pause to note that the question of whether *Counterman* effectively overrules the Kansas Supreme Court's decision in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), remains to be resolved. See *State v. Phipps*, 320 Kan. 616, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025. Regardless, the State elected to use the highest mental culpability standard when it instructed the jury using PIK Crim. 4th 55.210 for both counts of sexual extortion. And the State successfully convicted Howard on the grounds he acted intentionally in threatening or coercing H.D. to send him nude photos of herself. Thus, we find that the State met or exceeded its requirements to show that Howard's conduct constituted a true threat.

Nonetheless, Howard argues that his prosecution under K.S.A. 21-5515(a)(2) should be treated differently than the statute in *Counterman* because the Colorado statute criminalizes repetitive unwanted conduct while the Kansas sexual extortion statute criminalizes isolated conduct. Howard suggests—based on a hypothetical raised in *Counterman*—that it is possible to convict someone under K.S.A. 21-5515(a)(2) for making a joke. But the statute's plain language addresses "threat[s] to injure" or illegal

9

coercion of a person to participate in sexual conduct, or—as in this case—to "produce, provide or distribute an image, video or other recording of a person in a state of nudity . . . ." See K.S.A. 21-5515(a)(2). Hence, we find that Howard fails to establish the first prong to satisfy an overbreadth challenge to the constitutionality of K.S.A. 21-5515(a)(2). See *White*, 53 Kan. App. 2d at 58. And unlike the hypothetical in *Counterman*, the Kansas statute requires a sufficient mental state to convict someone of sexual extortion. See K.S.A. 21-5515(a)(1)-(2); 600 U.S. at 73, 82.

Finally, section 11 of the Kansas Constitution Bill of Rights provides that "all persons may freely speak, write or publish their sentiments on all subjects, being responsible for the abuse of such rights." This right is coextensive with the right to Freedom of Speech under the First Amendment to the United States Constitution. *State v. Russell*, 227 Kan. 897, 899, 610 P.2d 1122 (1980). Even so, States remain free to provide greater constitutional protections than that of the federal Constitution. See *California v. Ramos*, 463 U.S. 992, 1013-14, 103 S. Ct. 3446, 77 L. Ed. 2d 1171 (1983).

Howard argues that K.S.A. 21-5515(a)(2) targets speech protected by section 11 of the Kansas Constitution Bill of Rights. Yet the plain language of section 11 clearly illustrates that the right of free speech is not unlimited and that "all persons . . . [are] responsible for the abuse of such rights." Significantly, K.S.A. 21-5515(a)(2) punishes the abuse of the right to free speech in criminalizing the use of threats or coercion that force individuals into conduct of a sexual nature. Accordingly, we do not find that sexual extortion is protected by either the United States or Kansas Constitutions.

CONCLUSION

In summary, we find that the entire record shows that any error the district court made in failing to give a lesser included instruction on attempted sexual extortion was harmless. We also do not find that K.S.A. 21-5515(a)(2) is unconstitutional under the

First Amendment to the United States Constitution or under section 11 of the Kansas Constitution Bill of Rights. Therefore, we affirm Howard's conviction.

Affirmed.